Opinion issued
March 24, 2011 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 


 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 


 
 

 
 



NO. 01-10-00937-CV

 


 
 

 
 



ALETHA B. RAY, Appellant

 

V.

 

CASTILIAN VILLAGE TOWNHOUSE ASSOCIATION, INC., Appellee

 


 
 

 
 
 



On Appeal from the 234th District Court

Harris County, Texas

Trial Court Cause Nos. 2009-14325

 


 
 

 
 
 



MEMORANDUM
OPINION

Appellant, Aletha B. Ray, who appears
pro se,[1] challenges
the trial court’s rendition of summary judgment in favor of appellee, Castilian
Village Townhouse Association, Inc., in Ray’s suit against Castilian Village for
failure to provide her notice regarding the foreclosure sale of her
townhome.  In six issues, Ray contends
that the trial court erred in granting Castilian Village summary judgment,
disregarding her third amended petition, concluding that Castilian Village “was
not obligated to provide [her] with her expected due process rights of notice
and opportunity to prevent seizure,” allowing Castilian Village “to use
unverified interrogatories” in support of its summary-judgment motion, and finding,
in its order, that Castilian Village “did not owe [her] expected notice” that
is statutorily required. 

We affirm.    

Background

          On
January 5, 2005, in a prior lawsuit brought by Castilian Village in County
Civil Court at Law Number Two against Ray to recover unpaid maintenance
assessments and late fees, the county court entered a final judgment in favor
of Castilian Village, awarding Castilian Village actual damages of $5,092.37, $1,000
in attorney’s fees, costs, interest at 8% per annum, a lien against Ray’s
townhome in the amount of the judgment, and $2,500 in appellate attorney’s fees
if Ray pursued an unsuccessful appeal.[2]  The county court, in its judgment, noted that
Castilian Village could request a Harris County Constable to foreclose on its
lien if Ray failed to pay the judgment within thirty days of the judgment
becoming final.  To effectuate this, the county
court entered an “order of sale [] allowing the Harris County Constable to post
[Ray’s] property for foreclosure, and to sell the same to the highest bidder at
such foreclosure sale.”  On March 18,
2005, the county court entered a modified final judgment, ordering that
Castilian Village recover from Ray actual damages in the amount of $4,843.81.  The trial court’s modified judgment included
all the other terms of the prior judgment, including the lien and order of sale.[3]  Ray appealed the county court’s judgment,
arguing, in part, that Castilian Village was not authorized to assess late
fees.  On May 3, 2006, we affirmed the
trial court’s judgment.[4]  The Texas Supreme Court denied Ray’s petition
for review and motion for rehearing.  

          Ray,
in December 2006, made two payments totaling $5,117.37 to Castilian
Village.  Castilian Village deposited
these checks, which, on their face, were insufficient to satisfy the prior
judgment.  On February 6, 2007, counsel
for Castilian Village sent to a Harris County Constable a copy of a writ of
execution and order of sale for Ray’s townhome and requested that the Constable
serve Ray with the writ and execute it by conducting a foreclosure sale of
Ray’s townhome.  Castilian Village
instructed the Constable to “start the bidding at the judgment amount plus all
court costs and attorney’s fees.”  The
writ of execution and order of sale referred to the modified judgment entered
by the county court on March 18, 2005, identified the “judgment awarded” to
include an “amount” of $4,843.81, attorney’s fees of $1,000, court costs of
$150, pre-judgment interest of 8%, and $2,500 in appellate fees.  The writ also referred to “total credits” and
an “amount” of $2,357.[5] 

          Although
the Constable conducted a foreclosure sale on March 6, 2007, Ray alleged in the
instant case that she did not receive notice of the sale.  Instead, according to Ray, on March 8, 2007, she
visited her townhome[6]
and discovered that her locks had been changed, met the “new owner,” Jose
Gonzales, and was denied access to retrieve her personal property.  On March 14, 2007, Ray sent Castilian Village
a letter, in which she complained that she had not received notice of the sale,
stated that the only notice of the foreclosure sale had been “via publication,”
and asked why no notice was sent to her personal address of 9722 Seeker Street,
Houston, Texas.  Ray also complained that
she had tendered $5,117.37 in good faith as the “amount owed after unsuccessful
litigation,” and she asked about the status of her payment.  Finally, Ray demanded that Castilian Village
provide her with a redemption notice.[7] 

          On
May 1, 2007, Harris County Constable Glen Cheek filed an affidavit, in which he
testified that he had received a writ directing him to post Ray’s townhome for
sale, he had executed the writ by holding the foreclosure sale on March 6, 2007,
“all parties were notified” of the sale “by certified and first class mail,”
there “were three bidders at the sale,” and the property was “struck off to
high bidder,” Jose Gonzales.  Cheek
explained that, after the sale, Gonzales and another party had a dispute about
whose name should appear on the deed, the county court held a hearing on the
dispute and ordered Gonzales to pay $8,300 to the Constable, Gonzales paid this
amount on April 4, 2007, and the property had been “struck off” to
Gonzales.  Cheek further stated that the
amount collected was applied to costs in the amount of $538 and a “credit to
the judgment in the amount of $7,267.32.” 
And an “overage” of $319.07 was paid to Ray.

          On
May 14, 2007, counsel for Castilian Village sent, by certified mail, addressed
to Ray at 9722 Seeker Street, a letter notifying her that her townhome had been
“foreclosed and sold at a Constable sale on Tuesday, March 6, 2007.”[8]  Counsel noted that there had been “a legal
dispute between two bidders at the sale as to who actually had the right to
purchase the property,” the dispute had “now been resolved,” the dispute was
“the reason this notice was not sent . . . earlier,” “Jose R. Gonzales was the
person who ultimately received title” to the townhome, the foreclosure sale was
conducted by the Constable pursuant to the judgment that provided for foreclosure
of the lien against the townhome, and Ray had the “right to redeem the property
by payments of the amounts required therein.”[9]  There is no evidence in the record that Ray
ever attempted to exercise her redemption rights.

          In
March 2009, Ray filed the instant suit against Castilian Village, and, in her
third amended petition, alleged that she had purchased her townhome in 1995,
she had been “denied her procedural due process right[s] and . . . notice after
foreclosure,” she had paid $5,117.36 to Castilian Village in December 2006,
Castilian Village had cashed her checks and failed to notify her of any
deficiencies, Castilian Village knew her address was 9722 Seeker Street, and
she was denied access to her townhome beginning March 8, 2007 by the “new owner,”
Jose Gonzales.  Ray explained that she
“should have received a letter by certif[ied] mail” from Castilian Village, “or
its agents,” informing her of “its intent to foreclose” and “the date of sale
in 2007.”  She also complained that she
was entitled to “notice after foreclosure” and alleged that Castilian Village
“did not provide the minimum process of timely personal notice” by certified
mail informing her of her procedural due process rights or the “required steps
to pay any deficiencies prior to the Constable sale.”  She asserted that Castilian Village “failed to
follow the minimum [statutory] requirements” and Castilian Village’s conduct
deprived her of “her home ownership and allowed her home to be occupied before
the 30 day period” as Gonzales “obtain[ed] possession within a few days of the
Constable sale.”  She sought “damages”
for her “huge lost” [sic] “in the amount of $150,000.”[10]

          Castilian
Village filed its summary-judgment motion, contending that the foreclosure had
been properly conducted and Ray had failed to “mitigate her damages” by not
redeeming the property.  In regard to
Ray’s complaints about the lack of notice before the foreclosure sale, Castilian
Village attached to its motion a copy of the county court’s judgment, which
provided that Ray’s townhome was subject to foreclosure if the judgment was not
paid.[11]  Castilian Village acknowledged that Ray had
made a payment after the conclusion of the appellate process in the prior
lawsuit, but it noted that the payment was “insufficient to cover the
judgment,” including attorney’s fees, costs, and interest.  Castilian Village also attached to its motion
a copy of the Constable’s calculation of the outstanding amount due and a copy
of the Constable’s return, in which he stated that he had provided Ray notice
by certified and first class mail about the foreclosure sale and Ray had failed
to satisfy the judgment thereafter.[12]  With this evidence, Castilian Village
asserted that it had established, as a matter of law, that Ray had been
provided “proper legal notice” of the pending foreclosure sale.

In regard to Ray’s complaints about
the lack of notice after the foreclosure sale, Castilian Village cited the
Constable’s return, in which the Constable stated that a dispute arose after
the foreclosure sale about the identity of the rightful purchaser of the
townhome.  Castilian Village also
asserted that Ray had been served with a copy of a motion, filed by the Harris
County Attorney, to determine ownership, and a notice of a hearing on the
matter.  Castilian Village attached to
its summary-judgment motion copies of these documents reflecting that they had
been served upon Ray at her townhome address. 
Castilian Village also cited the Constable’s return for establishing
that the foreclosure sale was concluded on May 1, 2007 with the filing of the Constable’s
“return of sale.”  Castilian Village attached
to its motion a copy of its May 14, 2007 letter to Ray in which it outlined
Ray’s redemption rights.  Castilian
Village argued that this evidence established, as a matter of law, that it had provided
“proper legal notice” to Ray after the conclusion of the foreclosure sale.  

In regard to the alleged due-process
violations, Castilian Village argued that the summary-judgment evidence
established that Ray was provided with “notice and the opportunity to be
heard,” the county court’s final judgment disclosed that Ray’s townhome was
subject to foreclosure, and the Constable provided Ray notice of the
foreclosure sale as well as the resulting dispute in ownership.  Castilian Village asserted that Ray was “not
entitled to damages” for her “injury to reputation” or “inconvenience” and she
had failed to mitigate her damages by failing to redeem her townhome.  

In her response, Ray contended that
Castilian Village was obligated to provide her “actual notice” before executing
the writ and seizing her property, Castilian Village had “constructive
knowledge” of her mailing address on Seeker Street when it “ordered the
execution of the writ,” the pertinent “30 day notice calculation began on March
6, 2007 after the foreclosure or on April 4, 2007” after the county court
determined that Jose Gonzales was the new owner of the property, Castilian
Village was “obligated to provide actual notice” “regarding her debt
obligation” before executing the writ, Castilian Village failed to comply “with
the three step foreclosure process,” and she was not “afforded her procedural
due process rights of actual notice and opportunity to cure” before the
foreclosure of her townhome.  Ray stated
that she was not challenging “the right to foreclosure,” but rather Castilian
Village’s failure to provide her the statutorily required “actual notice.”  Ray also suggested that any notice provided
to her at her townhome address was not actually received because she lived at
another address and Castilian Village was aware of this fact.

The trial court granted Castilian
Village’s summary-judgment motion on the “two causes of action” in Ray’s
“latest petition,” which the trial court referred to as “failure to provide
notice” and “failure to provide procedural due process rights.”  The trial court then outlined the possible
factual basis for Ray’s complaints, explaining that Ray’s suit concerned (1) Castilian
Village’s alleged failure to provide her notice that the $5,117.37 payment did
not satisfy the entire judgment, (2) Castilian Village’s failure to provide her
notice that it intended to foreclose on Ray’s townhome to satisfy the judgment
by foreclosure sale, (3) Castilian Village’s failure to provide notice to the county
that Ray preferred to receive mail at 9722 Seeker Street rather than at her
townhome, which was the address cited in the court records to which the
Constable sent notice, and (4) Castilian Village’s failure to provide her
notice within 30 days of the foreclosure sale of her right to redemption.  

The trial court noted that Ray had
provided “no authority” and “little evidence” regarding these complaints and
then explained why it rejected each of Ray’s factual complaints.  First, the trial court stated that the
summary-judgment evidence established that Ray had failed to satisfy the entire
judgment and there was no authority requiring Castilian Village to notify Ray
that her partial payment failed to satisfy the county court’s judgment and lien.
 Second, the trial court stated that the
prior judgment provided that Castilian Village could request foreclosure in the
event that Ray failed to satisfy the judgment, the statutory provision requiring
a foreclosing party to provide an owner with notice of a non-judicial
foreclosure did not apply because the case involved a judicial foreclosure, and
“only the foreclosing authority” was obligated to provide Ray notice.  Third, the trial court stated that the summary-judgment
evidence established that the Constable provided Ray notice of the foreclosure
sale to her townhome address, there was no evidence that Ray provided “change
of address information” to the county clerk, the Constable sent Ray a notice to
the only address that it had in its official records, Ray had the affirmative
obligation to ensure that the county clerk had current address information, and
Castilian Village did not have any obligation to advise the Constable of Ray’s
additional or preferred addresses. 
Fourth, the trial court found that Castilian Village had sent Ray the required
redemption notice within 30 days of the filing of the return of sale, the notice
was timely, and Ray had been provided with the full 180-day redemption period
and was not harmed.  The trial court,
based upon these reasons, granted Castilian Village’s summary-judgment motion
on Ray’s causes of action for failure to provide notice and violation of due
process rights.[13]  

Standard of Review

To prevail on a summary-judgment
motion, a movant has the burden of proving that it is entitled to judgment as a
matter of law and there is no genuine issue of material fact. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339, 341
(Tex. 1995).  When a defendant moves for
summary judgment, it must either (1) disprove at least one essential element of
the plaintiff’s cause of action or (2) plead and conclusively establish each
essential element of its affirmative defense, thereby defeating the plaintiff’s
cause of action. Cathey, 900 S.W.2d
at 341; Yazdchi v. Bank One, Tex., N.A.,
177 S.W.3d 399, 404 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).  When deciding whether there is a disputed,
material fact issue precluding summary judgment, evidence favorable to the
non-movant will be taken as true.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548–49 (Tex. 1985).  Every
reasonable inference must be indulged in favor of the non-movant and any doubts
must be resolved in her favor.  Id. at 549.

Summary Judgment

In her six issues, Ray argues that
the trial court erred in granting Castilian Village summary judgment because
there are disputed material fact issues, the trial court “undermined the
statutory and constitutional requirement of notice and opportunity,” the trial
court disregarded her third amended petition and, instead, “ruled on creative
and inventive issues,” the trial court incorrectly determined that Castilian Village
“was not obligated to provide [her] with her expected due process rights of
notice and opportunity to prevent seizure,” Castilian Village was improperly
allowed “to use unverified interrogatories” in support of its summary-judgment
motion, and the trial court incorrectly stated that Castilian Village “did not
owe [her] expected notice.” See Tex. Prop. Code Ann. § 51.002 (Vernon
Supp. 2010) (applying to sale of real property under contract lien).

We construe Ray’s appellate briefing,
and her trial court pleadings, as presenting two distinct notice complaints:
(1) Castilian Village did not provide her proper notice prior to the
foreclosure sale and (2) Castilian Village did not provide her proper and
timely notice of her redemption rights after the sale.  We also construe Ray’s appellate briefing to
present two procedural complaints about the summary-judgment proceedings: (1) the
trial court erroneously disregarded her live petition and (2) the trial court relied
on improper summary-judgment evidence in rendering summary judgment in favor of
Castilian Village.[14]  

Ray’s notice complaints

          In
the prior lawsuit, the county court entered a judgment in favor of Castilian
Village, awarding it damages, imposing a lien on Ray’s townhome, and
authorizing Castilian Village to request that a Harris County Constable
foreclose on this lien if Ray failed to pay the judgment within 30 days of it
becoming final. The trial court also expressly stated that its judgment
constituted an “order of sale.”  The
summary-judgment evidence establishes that, despite Ray’s attempt at a partial
payment after the conclusion of her appeal of the county court’s judgment, the
judgment remained unsatisfied with a remaining balance.  Thus, the only question is whether, in
addition to the notice of the foreclosure sale that had already been provided
by the county court judgment, Ray was afforded notice as required by any
governing rules or statutes.  

           “Compliance with the notice requirements for
execution, whether contained in a deed of trust or as required by statute, is a
prerequisite to the right of the trustee” or officer to conduct a foreclosure sale.
 McCoy v. Rogers, 240 S.W.3d 267, 275 (Tex. App.—Houston
[1st Dist.] 2007, pet. denied) (citing Houston
First Am. Sav. v. Musick, 650 S.W.2d 764, 768 (Tex. 1983)).  Texas Rule of Civil Procedure 647 requires
the officer conducting the sale in a judicial foreclosure to provide notice of
the sale by publishing an advertisement once a week for three consecutive weeks
preceding such sale in some newspaper published in said county.  Tex.
R. Civ. P. 647; see also Apex Fin.
Corp. v. Brown, 7 S.W.3d 820, 828 (Tex. App.—Texarkana 1999, no pet.).  The first advertisement must be published “not
less than twenty days immediately preceding the day of sale” and “shall contain
a statement of the authority by virtue of which the sale is to be made, the
time of levy, and the time and place of sale” and also “a brief description of
the property to be sold.”  Tex. R. Civ. P. 647.  Additionally, rule 647 requires the officer
to give a judgment debtor or his attorney written notice of the officer’s sale,
“either in person or by mail, which notice shall substantially conform to the
foregoing requirements.”  Id. 
Although rule 647 speaks of “regular mail,” courts have noted that Texas
Rule of Civil Procedure 21a, which applies to “[e]very notice” required to be
served by the Texas Rules of Civil Procedure, “imposes the requirement of
registered mail upon the general provisions for ‘mail’” in rule 647.  Collum
v. DeLoughter, 535 S.W.2d 390, 392 (Tex. Civ. App.—Texarkana 1976, writ
ref’d n.r.e); Tex. R. Civ. P.
21a.  Mailing notice of the foreclosure
sale to “the correct address will be sufficient, even if the notice was never
received by the judgment debtor, but mailing notice to the wrong address
results in an irregularity.”  Apex Fin. Corp., 7 S.W.3d at 828.  “The levying officer shall make due return of
the execution, in writing and signed by him officially, stating concisely what
such officer has done in pursuance of the requirements of the writ and of the
law” and shall file the return with the clerk of the court.  Tex.
R. Civ. P. 654.

          Here,
although Ray does not formally complain about the lack of notice through
advertisement, we note that the record contains a copy of the published advertisement
of the foreclosure sale.  The advertisement
identifies the county court’s order authorizing the foreclosure sale, states
the amount of the judgment, provides the time and place of sale, and describes
the property to be sold. The record also contains Constable Cheek’s return,
which was filed with the county clerk on May 1, 2007 and in which he states, 

          Came to
hand 2-08-07 at 9:58 a.m. and executed 3-06-07 by having a constable’s sale at
1115 Congress, Houston, Harris County, Texas between the hours of 10:00 a.m.
and 4:00 p.m.  I was directed under court
order to post real estate for sale.  All
parties were notified by certified and first class mail.  On 3-06-07 the sale was read. There were
three bidders.  The property was struck
off to the high bidder, . . . .

Constable Cheek further stated in the
return that, following a legal dispute between bidders, on April 4, 2007,
Gonzales paid the high bid.  We conclude
that the return demonstrates, as a matter of law, that the Constable afforded
Ray notice of the sale as required by the Texas Rules of Civil Procedure.  Tex.
R. Civ. P. 647.

          In
her brief, Ray’s complaints about the notice provided prior to the foreclosure
sale appear to arise from her unsupported assertion that Castilian Village had
certain obligations that it did not fulfill. 
First, Ray appears to suggest that Castilian Village breached an obligation
to ensure that the Constable had on file her preferred address and that the
Constable send notice to this address rather than her townhome.  However, as the trial court noted, the law
imposes no such obligation on Castilian Village.  In his return, Constable Cheek states that he
provided Ray notice, and he refers to the address contained in the court
records, which was her townhome address. 
Second, Ray asserts that, in addition to the Constable’s notice,
Castilian Village, under section 51.002 of the Texas Property Code, was
independently required to provide her notice of the sale.  However, as also noted by the trial court, Castilian
Village was not required to provide notice under section 51.002.  We
conclude that Castilian Village established that the required notice was
provided prior to the foreclosure sale and, thus, any claim that Ray asserts
arising from the alleged deficient notice prior to the foreclosure sale fails
as a matter of law.

          In
regard to the redemption notice after the completion of the foreclosure sale,
the Constable’s return and the other documentary evidence establish that,
because of a legal dispute, the foreclosure sale was not completed until early May
2007, when the Constable filed his return stating that the funds had been
deposited and the property had been “struck off.”  Thus, Castilian Village’s redemption notice,
provided on May 14, 2007, was timely.  See Tex.
Prop. Code Ann. § 209.010 (Vernon Supp. 2010).  Moreover, we note that it is undisputed that
Ray’s redemption period was calculated from the date of this notice.  We conclude that Castilian Village established
that the required redemption notice was provided after the foreclosure sale,
and any claim that Ray asserts arising from the alleged deficient notice after
the foreclosure sale fails as a matter of law. 
Accordingly, we hold that the trial court did not err in granting
summary judgment in favor of Castilian Village on both of Ray’s “causes of
action,” which arise from her allegations related to receiving allegedly-deficient
notice both before and after the foreclosure sale.

Procedural complaints

          Finally,
we address Ray’s procedural complaints. 
The trial court’s summary judgment refers to Ray’s “latest petition” and
specifically identifies the two “causes of action” pleaded by Ray in her third
amended petition.  Thus, the record
indicates that the trial court expressly considered, rather than disregarded,
her third amended petition.  The record
also indicates that the trial court did not necessarily rely upon the “deemed
admissions” or “verified interrogatories” cited by Castilian Village in its
summary-judgment motion.  As explained
above, setting aside any consideration of this challenged evidence, Castilian
Village established that Ray’s claims failed as a matter of law.  Accordingly, we hold that Castilian Village
established its entitlement to summary judgment without the challenged
evidence.  

          We
overrule Ray’s first through sixth issues.

Conclusion

          We
affirm the judgment of the trial court.            

 

                                      

Terry Jennings

Justice

 

Panel consists of Justices Jennings, Higley,
and Brown.











[1]           We note that parties who appear pro se
must comply with all applicable laws and rules of procedure and are held to the
same standards as are licensed attorneys.  See
Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184 (Tex. 1978); Kanow v. Brownshadel, 691 S.W.2d 804,
806 (Tex. App.—Houston [1st Dist.] 1985, no writ).  We have endeavored to address all issues that
can be said to have been “fairly included” by Ray in her brief.  See
Tex. R App. P. 38.1(f).





[2]           Castilian Village Townhouse Ass’n, Inc v. Ray, No. 802,908, in the County Court at Law No.
2 of Harris County, Texas.

 





[3]           See
id.  Our prior opinion also refers to another lawsuit brought by
Castilian Village against Ray in 2001 to collect maintenance assessments.  Ray v. Castilian
Village Townhouse Ass’n, Inc., No. 01-05-00370-CV, 2006 WL 907445, at *2
(Tex. App.—Houston [1st Dist.] 2006, pet. denied) (mem. op.).

 





[4]           Id. at *6.





[5]           Although the parties do not clearly
explain these amounts in their briefing, the record establishes that there
remained outstanding amounts owed to Castilian Village on the county court’s
judgment. 

 





[6]           The townhome was not Ray’s primary
residence.

 





[7]               See Tex. Prop. Code Ann. § 209.010 (Vernon Supp. 2010) (requiring property
owners’ association that conducts foreclosure to send “to the lot owner and to
each lienholder of record, not later than the 30th day after the date of the
foreclosure sale, a written notice stating the date and time the sale occurred
and informing the lot owner and each lienholder of record of the right of the
lot owner and lienholder to redeem the property” under section 209.011 of the
Texas Property Code; stating that notice “must be sent by certified mail,
return receipt requested” to “lot owner’s last known mailing address, as
reflected in the records of the property owners’ association”; and noting that notice
requirements “apply to the sale of an owner’s lot by a sheriff or constable
conducted as provided by a judgment obtained by the property owners’
association”).





[8]           See
id.

 





[9]               See id. § 209.011 (Vernon Supp. 2010) (setting forth lot
owner’s right of redemption; providing that “property owners’ association or
other person who purchases occupied property at a sale foreclosing a property
owners’ association’s assessment lien must commence and prosecute a forcible
entry and detainer action under Chapter 24 [of the Texas Property Code] to
recover possession of the property”; providing that “owner of property in a residential
subdivision or a lienholder of record may redeem the property from any
purchaser at a sale foreclosing a property owners’ association’s assessment
lien not later than the 180th day after the date the association mails written
notice of the sale to the owner and the lienholder under Section 209.010”; and
detailing the items a lot owner must pay to the association and the purchaser
of the property in order to redeem property purchased at foreclosure sale).

 

 





[10]         Ray did not include a formal request to
set aside the sale.

 





[11]         Castilian Village attached a copy of the
January 5, 2005 judgment, but our prior opinion establishes that the county
court entered its modified judgment on March 18, 2005.

 





[12]         Castilian Village also attached to its
motion what it asserted were “deemed admissions” by Ray. However, Castilian
Village only included a copy of its requests for admission as well as a trial
court order on Castilian Village’s motion to compel Ray to respond to its
requests.  In its order, the trial court overruled
Ray’s objections to the requests, but the trial court also specifically crossed
out a proposed ruling that the requests would be “deemed admitted.” At the end
of the order, the trial court stated that Ray would be provided an additional
seven days to respond to the requests and then her answers would be deemed
admitted if she failed to respond. However, there is no further order in the
record indicating that Ray failed to respond or that her answers to these
requests were ever deemed admitted. 
Additionally, the trial court, in its extremely detailed
summary-judgment order, did not state that it was relying upon deemed
admissions.  Thus, we do not consider the
“deemed admissions” in determining whether the trial court erred in granting
Castilian Village summary judgment.





[13]         Castilian Village had requested
sanctions against Ray and sought summary judgment on its damages.  However, the trial court denied Castilian
Village summary judgment on its claims for sanctions, and Castilian Village
subsequently non-suited those claims.





[14]         Ray also makes reference to the fact
that her townhome was located in a precinct of Harris County different than
that of the precinct of the Constable that conducted the sale.  However, Ray has provided no legal argument
or authorities that this fact, even if true, would void the sale or allow her
to recover her pleaded damages. Thus, any potential issue arising from this
complaint has been waived.  See Tex.
R. App. P. 38.1(i).